UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAYNE LAVELL ROBINSON,
    Plaintiff,

v.

SANDRA ALFARO,
    Defendant.

Case No. 15-cv-01445-JD

**ORDER GRANTING MOTION TO STAY AND ADMINISTRATIVELY CLOSING CASE**

Re: Dkt. Nos. 11, 12

Petitioner has filed an amended motion for a stay of this action so that he may exhaust state court remedies for several claims in his habeas petition that he wishes to present to this Court. The Court **GRANTS** the motion to stay. Liberally construing the motion, petitioner has shown good cause for his failure to exhaust the claims before filing this action, the claims do not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by petitioner. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner is informed that before he may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

**CONCLUSION**

1. Petitioner's motion for an extension (Docket No. 11) is **GRANTED** and the motion for a stay is deemed timely filed.

2. Petitioner's motion for a stay (Docket No. 12) is **GRANTED** and this case is **STAYED** to allow petitioner to present his unexhausted claim in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

1  3. The stay is subject to the following conditions:

2  (1) Petitioner must diligently pursue his state court habeas proceedings; and

3  (2) Petitioner must notify this court within thirty days after the state courts have completed
4  their review of his claim or after they have refused review of his claims.

5  If either condition of the stay is not satisfied, this Court may vacate the stay and act on this
6  petition. *See Rhines v. Webber*, 544 U.S. 269, 278 (2005) (district court must effectuate timeliness
7  concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

8  The Clerk shall administratively close this case. The closure has no legal effect; it is
9  purely a statistical matter. The case will be reopened and the stay vacated upon notification by
10 petitioner in accordance with section (3) above.

11 **IT IS SO ORDERED.**

12 Dated: January 7, 2016

_____
JAMES DONATO
United States District Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DWAYNE LAVELL ROBINSON,

    Plaintiff,

  v.

SANDRA ALFARO,

    Defendant.

Case No. 15-cv-01445-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 7, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwayne Lavell Robinson ID: AK-0159
North Kern State Prison A1-229 u
P.O. Box 5000
Delano, CA 93216

Dated: January 7, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

3